1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL GONZALEZ,<br><br>                                          Plaintiff,<br><br>vs.<br><br>GEO WESTERN DETENTION FACILITY; N. VAZQUEZ, GEO Facility Administrator; CARNEY, Associate Warden; T. HARTLEY, GEO Counselor,<br><br>                                          Defendants. | Case No.:  3:24-cv-00257-WQH-AHG<br><br>**ORDER DISMISSING CIVIL ACTION FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2) AND 1915A(b) AND FOR FAILURE TO PROSECUTE IN COMPLIANCE WITH COURT ORDER** |

HAYES, Judge:

In this civil action filed pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), pro se Plaintiff Raul Gonzalez alleged Defendants violated his constitutional rights by failing to provide access to an American Indian spiritual advisor during his three-day hunger strike in December 2023. (ECF No. 1 at 1–5.)

On July 1, 2024, the Court granted Gonzalez leave to proceed in forma pauperis, but screened his Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, and dismissed it *sua sponte* for failure to state a claim upon which *Bivens* relief can granted. (ECF No. 3 at 3, 6–12.) The Court noted that while it was unlikely Gonzalez would be able to state a plausible claim for relief under *Bivens*, it granted him forty-five days leave in which to

amend and provide more detailed factual allegations that might cure his pleading deficiencies in light of the U.S. Supreme Court's decision in *Egbert v. Boule*, 596 U.S. 482, 498 (2022) (finding "no *Bivens* cause of action for [a] First Amendment retaliation claim."). (*Id.* at 12–13.) The Court cautioned Gonzalez his failure to act would result in dismissal both for failure to state a claim and for failure to prosecute. (*Id.* at 13–14.)

To date, Gonzalez has failed to comply with the Court's Order, and has not requested an extension of time in which to do so.[1] "The failure of the plaintiff eventually to respond to the court's ultimatum–either by amending the complaint or by indicating to the court that [he] will not do so–is properly met with the sanction of a Rule 41(b) dismissal." *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065 (9th Cir. 2004).

## CONCLUSION

Accordingly, the Court **DISMISSES** this civil action in its entirety based on Plaintiff's failure to state a claim upon which *Bivens* relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), and his failure to prosecute as required by the Court's July 1, 2024 Order.

The Court further **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) and **DIRECTS** the Clerk to enter a final judgment of dismissal and close the file.

**IT IS SO ORDERED**.

Dated:  October 3, 2024

Hon. William Q. Hayes
United States District Court

---

[1] In fact, the Court's July 1, 2024 Order was returned undeliverable by the U.S. Post Office on July 9, 2024. (ECF No. 4.) Gonzalez has not filed a notice of change of address or any other document either before or since. *See* S.D. Cal. Civil Local Rule 83.11.b ("A party proceeding pro se must keep the Court and opposing parties advised as to current address. If mail directed to a pro se plaintiff by the Clerk at the plaintiff's last designated address is returned by the Post Office, and if such plaintiff fails to notify the Court and opposing parties within 60 days thereafter of the plaintiff's current address, the Court may dismiss the action without prejudice for failure to prosecute.").